Filed 12/16/25  P. v. Tello CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337382 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA094101) |
| v. | |
| KEVIN TELLO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole, Judge.  Affirmed in part, and remanded with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nima Razfar, Deputy Attorneys General for Plaintiff and Respondent.

In 2014, the trial court sentenced Kevin Tello to an aggregate term of 27 years in state prison. In 2024, the superior court recalled Tello's sentence pursuant to Penal Code[1] section 1172.75 and resentenced him. The court dismissed one prior prison term enhancement and sentenced Tello to 26 years in prison.

On appeal, Tello contends: (1) the court erred in reimposing the upper term in count 2 (§ 211) based on aggravating factors not stipulated to or found true beyond a reasonable doubt in a court or jury trial; (2) the court erred by failing to sua sponte apply Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) (Assembly Bill 333); and (3) the court erred by failing to award Tello custody credits for actual days in custody between his original sentencing and resentencing dates. The People contend that the court properly reimposed the high term, but concede Tello's remaining contentions.

We remand the matter for the court to consider whether to vacate Tello's gang enhancement and afford the People the opportunity to prove the gang enhancement pursuant to Assembly Bill No. 333, and to calculate Tello's custody credits. In all other respects, the order is affirmed.

---

[1] All further statutory references are to the Penal Code.

# PROCEDURAL HISTORY[2]

## A. *Plea and Sentencing*

In 2013, Tello pleaded guilty to two counts of robbery. (§ 211, counts 1 & 2.)  As to both counts, Tello admitted personal firearm use (§ 12022.53, subds. (b)) and gang (§ 186.22, subd. (b)(1)) allegations.  Tello also admitted to a prior prison term allegation pursuant to section 667.5, subdivision (b).

The court sentenced Tello to a total of 27 years in prison. In count 2, the court imposed the upper term of five years, plus 10 years for the personal firearm use enhancement, 10 years for the gang enhancement, and one year for the prior prison term enhancement.  In count 1, the court imposed a term of one year (one-third the middle term).

## B. *Resentencing Pursuant to Section 1172.75*

In 2022, the court recalled Tello's sentence pursuant to section 1172.75 and appointed counsel to represent him.  Counsel filed a resentencing petition emphasizing that multiple enhancements had been alleged, and requesting that all enhancements be dismissed and Tello be resentenced to six years in prison.  The petition included attachments evidencing Tello's progress toward rehabilitation while in prison.  The People agreed that the one-year prior prison term allegation should be stricken, but opposed striking the 10-year personal fire arm use

---

[2] Because the issues presented are purely legal, we do not include a recitation of the facts.

and 10-year gang enhancements on the ground that Tello was a threat to public safety. The People argued that Tello was a gang member who used a gun in two robberies, had accumulated eight rules violations in prison since February of 2018, and had been convicted and sentenced, while incarcerated, to 15 years in prison for attempted murder, battery with serious bodily injury, and assault with force likely to cause great bodily injury.

The court recalled and resentenced Tello. The court struck the prior prison term enhancement (§ 667.5, subd. (b)), but declined to strike either of the remaining enhancements because it found that striking the enhancements would endanger public safety. The court resentenced Tello to 26 years in prison.

The court did not re-calculate Tello's custody credits to account for days in custody between his original sentencing hearing and the resentencing hearing.

## DISCUSSION

### A. *Reimposition of the High Term Pursuant to Section 1172.75, Subdivision (d)(4)*

#### 1. <u>Legal Principles</u>

Section 1172.75, subdivision (a), provides that a prior prison term enhancement pursuant to section 667.5, subdivision (b) imposed prior to January 1, 2020, is invalid, except for an enhancement imposed for a prior conviction for a sexually violent offense. Section 1172.75, subdivision (c), provides that if the court finds that the defendant's current judgment includes an

4

invalid prior prison term enhancement, the court must recall the sentence and resentence the defendant.

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (§ 1172.75, subd. (d)(1).)

"The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (*Id*., subd. (d)(3).)

> **2.**     <u>Analysis</u>

Until 2007, section 1170, subdivision (b) provided that " 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.' (See § 1170, former subd. (b); Stats. 1977, ch. 165, § 15 . . . .)"  (*People v. Mathis* (2025) 111 Cal.App.5th 359, 370,

review granted Aug. 13, 2025, S291628 (*Mathis*).) "In 2007, however, the United States Supreme Court held that California's upper term sentencing scheme violated the Sixth Amendment right to a jury trial because it allowed a defendant's prison sentence to be increased beyond the statutory maximum based on facts that had not been found true beyond a reasonable doubt by a jury or admitted by the defendant. [Citations.]" (*Ibid.*, citing to *Cunningham v. California* (2007) 549 U.S. 270, 274–275 (*Cunningham*).)

In *Cunningham*, *supra*, 549 U.S. 270, the United States Supreme Court explained that the Sixth Amendment requires any fact that exposes a defendant to a potentially greater sentence, except for prior conviction allegations, must be found true by a jury beyond a reasonable doubt. (*Mathis*, *supra*, 111 Cal.App.5th at p. 370.) "*Cunningham* noted that California could comply with the Sixth Amendment either by [(1)] requiring jury findings for any facts necessary to impose an aggravated sentence, or by [(2)] authorizing sentencing courts ' "to exercise broad discretion . . . within a statutory range." ' " (*Id.* at pp. 370–371.) The California Legislature responded to *Cunningham* by amending section 1170, subdivision (b) to grant trial courts broad discretion to choose between the lower, middle, and upper terms—i.e., it adopted *Cunningham's* second option. (*Mathis*, *supra*, 111 Cal.App.5th at p. 371.)

Effective January 1, 2022, the Legislature changed course and instead adopted *Cunningham's* first option, amending section 1170, subdivisions (b)(1) and (2) in part to provide that when a " 'statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term,' " except that the court may impose a sentence

exceeding the middle term when " 'there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' [Citations.]" (*Mathis*, *supra*, 111 Cal.App.5th at p. 371.) Section 1172.75, subdivision (d)(4) provides, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Tello contends that section 1172.75, subdivision (d)(2)—which directs the resentencing court to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences"—requires the resentencing court to apply amended section 1170, subdivision (b)(2) when determining whether to deviate from the presumptive middle term upon resentencing. Tello argues that the resentencing court was prohibited from imposing the upper term because Tello did not stipulate to facts in aggravation and no aggravating facts were found true beyond a reasonable doubt in a trial by a judge or a jury.

Courts are split regarding whether the exception contained in section 1172.75, subdivision (d)(4) permits a trial court to reimpose an upper term sentence where the facts underlying an aggravating circumstance were neither stipulated to by the defendant nor found true by the trier of fact beyond a reasonable

7

doubt.  (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*) [a court may reimpose an upper term originally imposed] and *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330 (*Gonzalez*) [rejecting *Brannon-Thompson's* construction of section 1172.75, subd. (d)(4)].)  Our Supreme Court has granted a petition for review on this issue.  (*Mathis*, *supra*, 111 Cal.App.5th at p. 373, fn. 6, citing *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

In the absence of Supreme Court guidance, we agree with *Brannon-Thompson's* analysis that giving section 1172.75, subdivision (d)(4) "its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term *for the first time* at a section 1172.75 resentencing.  Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467, italics added.) Here, the sentencing court previously imposed the high term. Accordingly, the court did not err in resentencing Tello to the upper term.[3]

---

[3] Tello's contention that the court was unaware of its discretion is not supported by the record.  "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)  There is no basis for reversal on this ground.

8

**B.** *Assembly Bill No. 333*

Tello contends, and the People concede, that the trial court erred by not sua sponte considering whether to vacate Tello's gang enhancement and afford the People the opportunity to prove the gang enhancement pursuant to Assembly Bill No. 333. We accept the People's concession.

"In 2021, the Legislature passed Assembly Bill 333, enacting the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1.) 'Assembly Bill 333 made the following changes to the law on gang enhancements: First, it narrowed the definition of a "criminal street gang" to require that any gang be an "ongoing, *organized* association or group of three or more persons." (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members "individually *or* collectively engage in" a pattern of criminal activity in order to constitute a "criminal street gang," Assembly Bill 333 requires that any such pattern have been "*collectively* engage[d] in" by members of the gang. (§ 186.22, subd. (f), italics added.) Third, Assembly Bill 333 also narrowed the definition of a "pattern of criminal activity" by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang "members," as opposed to just "persons"; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).) Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly

9

benefitted a street gang, requiring that any "common benefit" be "more than reputational." (§ 186.22, subd. (g).)' ([*People v.*] *Tran* [(2022)] 13 Cal.5th [1169,] 1206.)" (*People v. Lopez* (2025) 17 Cal.5th 388, 395–396.)

Pursuant to *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*), when ameliorative legislation goes into effect we presume that the benefits apply retroactively to all cases not yet final. (*People v. Lopez, supra*, 17 Cal.5th at p. 395.) Assembly Bill 333's amendments to section 186.22 apply retroactively under *Estrada*. (*Id.* at pp. 395–396.)

Section 1172.75, subdivision (d)(2) provides that, upon resentencing: "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." Accordingly, the trial court was required to consider whether to vacate Tello's gang enhancement and afford the People the opportunity to prove the gang enhancement pursuant to Assembly Bill 333. We reverse to permit the court to make that determination.

## C.      *Error in the Abstract of Judgment*

We agree with the parties that the trial court erred by not recalculating Tello's custody credits upon resentencing. The amended abstract of judgment reflects only presentence custody credit awarded for Tello's time in custody prior to his original sentencing hearing, and omits credit for subsequent days spent in custody. It is well-established that "when a prison term already in progress is modified . . . the sentencing court must recalculate

10

and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) On remand, the trial court must recalculate Tello's custody credits, including the days that Tello was in custody between the date of his original sentencing and the date of resentencing.

## DISPOSITION

We remand the matter for the superior court to consider whether to vacate Tello's gang enhancement and afford the People the opportunity to prove the gang enhancement pursuant to Assembly Bill No. 333, and to recalculate Tello's custody credits. In all other respects, the order is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.          KUMAR, J.*

---

*Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.